Ji Sung Kim Acupuncture, P.C., as Assignee of RAMON NUNEZ, Respondent, 
against
American Transit Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered October 3, 2013. The order, insofar as appealed from and as limited by the brief, denied the branches of defendant's motion seeking summary judgment dismissing the complaint, except for so much thereof as sought to recover upon a claim for dates of service February 23-24, 2011 and as sought to recover the sum of $248.64 for claims relating to dates of service February 18, 21, 25, and 28, 2011, and March 2-4, 9-11, and 14, 2011, or, in the alternative, to compel plaintiff to appear for an examination before trial.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branches of defendant's motion seeking summary judgment dismissing the complaint, except for so much of the complaint as sought to recover upon a claim for dates of service February 23-24, 2011 and as sought to recover the sum of $248.64 for claims relating to dates of service February 18, 21, 25, and 28, 2011, and March 2-4, 9-11, and 14, 2011, are granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint or, in the alternative, to compel plaintiff's treating doctor to appear for an examination before trial. Plaintiff cross-moved for summary judgment. By order entered October 3, 2013, the Civil Court denied defendant's motion, granted the branch of plaintiff's cross motion seeking summary judgment upon a claim for dates of service February 23-24, 2011, and denied the remainder of plaintiff's cross motion. The Civil Court held that with respect to all of the remaining claims, the sole issue for trial was defendant's defense of lack of medical necessity.
Defendant's appellate brief states that defendant is not appealing from so much of the order as granted plaintiff's cross motion for summary judgment upon the claim for dates of service February 23-24, 2011 and concedes that defendant owes plaintiff the additional sum sought of $248.64 for claims relating to dates of service February 18, 21, 25, and 28, 2011, and March 2-4, 9-11, and 14, 2011.
In support of its motion, defendant submitted an affirmed report from the doctor who had performed an independent medical examination (IME) of plaintiff's assignor. The IME report set forth a factual basis and medical rationale for the doctor's conclusion that there was a lack of medical necessity for further treatment. In opposition to the motion, plaintiff submitted an affidavit from plaintiff's owner who had treated plaintiff, which failed to meaningfully refer to, [*2]let alone sufficiently rebut, the conclusions set forth in the doctor's report (see Pan Chiropractic, P.C. v Mercury Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51495[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). In view of the foregoing, and as plaintiff has not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment, the order, insofar as appealed from, is reversed and the branches of defendant's motion seeking summary judgment dismissing the complaint, except for so much of the complaint as sought to recover upon a claim for dates of service February 23-24, 2011 and as sought to recover the sum of $248.64 for claims relating to dates of service February 18, 21, 25, and 28, 2011, and March 2-4, 9-11, and 14, 2011, are granted (see Delta Diagnostic Radiology, P.C. v Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Delta Diagnostic Radiology, P.C. v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; A. Khodadadi Radiology, P.C. v NY Cent. Mut. Fire Ins. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 03, 2016